**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANETH ELIZABETH ZELEDON-LOPEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-72382 <br><br> Agency Nos.  A209-996-543 <br> A209-996-544 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Yaneth Elizabeth Zeledon-Lopez and her son, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from immigration judge's ("IJ") decision denying

their applications for asylum, withholding of removal, and relief under the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

In their opening brief, petitioners do not make any argument challenging the BIA's conclusion that they waived any challenge to the IJ's determination that they failed to establish that the harm they experienced or fear was or would be on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). We lack jurisdiction to consider petitioners' contentions regarding the merits of their well-founded fear of future persecution claim because they did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not presented to agency).

Thus, petitioners' asylum and withholding of removal claims fail. In light of this disposition, we need not reach petitioners' contentions regarding the IJ's adverse credibility determination or whether their past harm rose to the level of persecution. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

20-72382

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' contentions that the agency violated their right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**